UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

FILED

2017 FEB 17 AM 10: 52

U.S. BANKRUPTCY
DISTRICT OF SOUTH CAROLINA

In re: NMFC, LLC
INNEGRITY, LLC

Debtor(s)

Case No. 11-06800-JW
Chapter 7

MOTION FOR PAYMENT
OF UNCLAIMED DIVIDENDS

Now appears __Daniel B. Plaxe__ ("Movant") and states that __Pioneer Funding Group, LLC__ (the "Claimant") is entitled to $__6,889.95__ ("Unclaimed Funds") held in the United States Treasury in this case pursuant to 11 U.S.C. § 347(a) and as set forth in the attached supporting documents required by SC LBR 3011-1. For the following reasons, __Charles F. Stone, III__ did not negotiate the original disbursement: __No unknown reasons. Mr. Stone failed to negotiate the original disbursement__

Movant represents that the Claimant is entitled to receive the Unclaimed Funds and that no other party is entitled to the Unclaimed Funds based upon: (check the statement(s) that apply)

____ Claimant is the Owner of Record entitled to said Unclaimed Funds as appearing on the records of this Court (if the Owner of Record or Claimant is a corporate entity or partnership, attach the documentation required by SC LBR 3011-1(e)(1)(A)).

_X_ Claimant obtained title to the Unclaimed Funds by assignment, purchase, merger, acquisition, succession or by other means (attach the documentation required by SC LBR 3011-1(e)(2)).

____ Movant is a representative of a Decedent's Estate (attach the documentation required by SC LBR 3011-1(e)(3)).

____ Movant is a Claimant Representative and is named in the attached Power of Attorney by the owner of the unclaimed funds, valid under the laws of the State of South Carolina, which empowers Movant to collect the Unclaimed Funds described above on behalf of the rightful owner (attach the documentation required by SC LBR 3011-1(e)(4)).

Further, Movant is submitting, with this Motion, Exhibit B to SC LBR 3011-1 and providing the identifying information required therein.

WHEREFORE, the Movant submits to the jurisdiction of this Court and requests that an order be entered directing payment of the Unclaimed Funds described above to __Pioneer Funding Group, LLC__ and mailed to __Greeley Square Station, Box 20188, New York, NY 10001__.

I, __Daniel B. Plaxe__, hereby declare under penalty of perjury that the foregoing is true and correct and state that I am the Movant in the above-named case and request payment of the Unclaimed Funds pursuant to SC LBR 3011-1. On __February 16, 2017__, I served a copy of this motion and attachments on:

United States Attorney for the District of South Carolina
1441 Main Street, Suite 500
Columbia, SC 29201

Name of Movant: __Daniel B. Plaxe__

Movant's Phone No.: __646-237-6969__

Previous Mailing Address of the Original Owner of Record: __62 Beacon St., Apt. 5, Boston, MA 02108__

Current Mailing Address of the Claimant: __Greeley Square Station, Box 20188, New York, NY 10001__

Current Mailing Address of the Original Owner of Record: __62 Beacon St., Apt. 5, Boston, MA 02108__

_[signature]_
Signature of Movant

I, __Ananias Soto__, a notary public for the State of __New York__, certify that I have examined the Motion for Payment of Unclaimed Dividend and documentation of the Movant which establishes identity, and the above motion was subscribed and sworn to before me in __Manhattan__, (city/town), __New York__ (state), this day of __February 16__, 2017.

_____ (seal)
Notary Public
My commission expires: __06/16/18__

ANANIAS E SOTO
NOTARY PUBLIC STATE OF NEW YORK
LIC. #01SO6306056
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES 06/16/2018

## ASSIGNMENT OF CLAIM AGREEMENT

| Seller: | Buyer: | | |
|---|---|---|---|
| Charles F. Stone, III<br>62 Beacon St. Apt. 5<br>Boston, MA 02108 | Pioneer Funding Group, LLC<br>Greeley Square Station, Box 20188<br>New York, NY 10001 | Claim Number:<br>Purchase Price: | 29-1<br>$ |

Assignment of Claim. Charles F. Stone, III ("Seller"), for good and valuable consideration in the sum of $         (the "Purchase Price"), does hereby absolutely and unconditionally sell, assign and transfer to Pioneer Funding Group, LLC ("Buyer", and together with Seller, the "Parties"), all of Seller's rights, title, interests, claims and causes of action in and to Claim Number 29-1 (the "Claim") against NMFC, LLC a/k/a Innegrity, LLC (together the "Debtor"), Debtor in Chapter 7 proceedings in the U.S. Bankruptcy Court for the District of South Carolina (the "Court"), Case No. 11-06800; and includes (i) Proof of Claim 29-1; (ii) all agreements and other documents evidencing or relating to the Claim; (iii) all of Seller's right to receive principal, interest, damages, penalties and other amounts; and (iii) all cash, unclaimed dividends, instruments, proceeds and other property issued in respect of, or exchanged in return for, any of the foregoing. The Claim is based on amounts owed to Seller by Debtor as set forth below and this assignment shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest.

Representations; Warranties and Covenants. Seller represents and warrants that (a) this Agreement has been duly authorized, executed and delivered by the Seller and Seller has the requisite power and authority to execute, deliver and perform this Agreement; (b) this Agreement constitutes the valid, legal and binding agreement of Seller; (c) Seller has not previously sold, assigned, transferred or pledged the Claim to any third party; and (d) Seller is the sole owner and has good title to the Claim. The Parties agree that the representations, warranties and covenants shall survive the closing. The Parties are aware that the Purchase Price received herein may differ both in kind and amount from any distributions ultimately made pursuant to any plan of liquidation confirmed by the Court.

Notices Received by Seller; Further Cooperation. Seller agrees to immediately forward to Buyer all notices received from Debtor, the Court or any third party regarding the Claim and to take such other action, with respect to the Claim, as Buyer may request. Seller shall take such further action as may be necessary to effect the transfer of the Claim and to direct any payments or distributions to Buyer, including execution of voting ballots, transfer powers and consents at Buyer's sole discretion. In the event Seller receives any payments or distributions with respect to the Claim after the date hereof, Seller agrees to promptly deliver same to Buyer in the same form received, together with any endorsements or documents necessary to transfer such property to Buyer.

Limited Power of Attorney. Seller hereby irrevocably appoints Buyer as its true and lawful attorney with respect to actions relating to the Claim and authorizes Buyer to act in Seller's name to demand, sue for, compromise and recover all such amounts which now are, or may hereafter become due and payable for, or on account of the Claim. Seller grants unto Buyer full authority to do all things necessary to enforce the Claim and Buyer's rights thereunder pursuant to this Agreement. Seller agrees that the powers granted by this paragraph are discretionary in nature and exercisable at the sole option of Buyer.

Governing Law, Personal Jurisdiction and Service of Process. This Agreement shall be construed and the obligations of the Parties hereunder shall be determined in accordance with the laws of the State of New York without reference to any conflicts of law provisions. Any action arising under or relating to this Agreement must be brought in a State or Federal court located in New York County in the State of New York. Each party hereto irrevocably and unconditionally waives its right to trial by jury and consents to the jurisdiction of the courts located in the State of New York in any action to enforce, interpret or construe any provision of this Agreement.

Consent and Waiver. Seller authorizes Buyer to file an evidence of transfer pursuant to Rule 3001 with the Court as evidence of the assignment of Claim. Seller hereby acknowledges and consents to all of the terms set forth in this Agreement and hereby waives (a) its right to raise any objections hereto and (b) its right to receive notice pursuant to Rule 3001 of the Rules of Bankruptcy Procedure.

Miscellaneous. Each party expressly acknowledges and agrees that it is not relying upon any representations, promises, or statements, except to the extent that the same are expressly set forth in this Agreement. This Agreement (a) may not be modified, waived, changed or discharged, in whole or in part, except by an agreement in writing signed by the Parties; (b) constitutes the entire agreement and understanding between the Parties hereto with respect to the subject matter hereof; and (c) supersedes all prior agreements, understandings and representations pertaining to the subject matter hereof, whether oral or written. This Agreement may be executed in counterparts each of which shall be deemed an original and all of which taken together shall be deemed to constitute a single agreement. The parties agree that in the event of a breach or alleged breach of this Agreement, upon confirmed notice, the offending party shall have five (5) business days to cure it. This Agreement shall become effective and valid when (a) Seller executes this Agreement and it is received by Buyer and (b) the Agreement is executed by a proper representative of Buyer.

IN WITNESS WHEREOF, this Assignment of Claim Agreement is executed on this 30th day of January, 2017.

Charles F. Stone, III ("Seller")

By _____
Signature

Charles F. Stone, III
Print Name

Pioneer Funding Group, LLC ("Buyer")

_____
Signature

Daniel B. Plaxe – Managing Member
Print Name and Title

# Wells Fargo Business Choice Checking

Account number:    598 ■ November 1, 2016 - November 30, 2016 ■ Page 1 of 4



PIONEER FUNDING GROUP LLC
GREELEY SQUARE STATION
PO BOX 20188
NEW YORK NY 10001-0006

### Questions?

*Available by phone 24 hours a day, 7 days a week:*
Telecommunications Relay Services calls accepted

**1-800-CALL-WELLS**  (1-800-225-5935)

TTY: 1-800-877-4833
*En español:* 1-877-337-7454

Online: wellsfargo.com/biz

Write: Wells Fargo Bank, N.A. (348)
       P.O. Box 6995
       Portland, OR  97228-6995

## Your Business and Wells Fargo

Get a clear look at the business financing process to decide if and when business credit is right for you. Visit wellsfargoworks.com/credit to find out more.

Credit decisions subject to credit qualification.

## Account options

*A check mark in the box indicates you have these convenient services with your account(s).  Go to wellsfargo.com/biz or call the number above if you have questions or if you would like to add new services.*

| | |
|---|---|
| Business Online Banking | ✓ |
| Online Statements | ✓ |
| Business Bill Pay | ✓ |
| Business Spending Report | ✓ |
| Overdraft Protection | ☐ |

## Activity summary

Beginning balance on 11/1
Deposits/Credits
Withdrawals/Debits                                -
**Ending balance on 11/30**

Average ledger balance this period

Account number:

**PIONEER FUNDING GROUP LLC**

*New York account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN): 026012881

For Wire Transfers use
Routing Number (RTN): 121000248

**Overdraft Protection**

This account is not currently covered by Overdraft Protection.  If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo store.

## IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In Re: ) | Case No. 11-06800-JW |
| ) | |
| NMFC, LLC, ) | |
| ) | Chapter 7 |
| ) | |
| Debtors ) | |

### TRUSTEE'S REPORT OF UNCLAIMED DIVIDENDS

Enclosed from the office of John K. Fort, Trustee for the above-referenced case is check number 149 in the amount of $13,944.48 representing monies designated as dividends to unsecured creditors as follows:

| Creditor | Claim Number | Failure to Clear | Returned Mail | BR3010 | Amount |
|---|---|---|---|---|---|
| CECCATO SPA<br>Via G. Brodini 13<br>20863 Corcorezzo, Italy | 16 | X | | | $253.22 |
| ISLES CAPTIAL, LP<br>C/O E. Giles<br>645 Madison Avenue, 8th Floor<br>New York, NY 10022 | 25 | X | | | $6,538.04 |
| CHARLES F. STONE, III<br>62 Beacon Street, Apt. 5<br>Boston, MA 02108 | 29 | X | | | $6,889.95 |
| ADVAERO TECHNOLOGIES<br>c/o Greg Bowers<br>2901 East Lee Street, Ste. G300<br>Greensboro, NC 27410-4908 | 30 | X | | | 263.27 |
| Total | | | | | $13,944.48 |

DATE   August 26, 2016

/s/ *John K. Fort*
JOHN K. FORT, TRUSTEE

If reason for return is other than those listed, please note reason

# PIONEER
## Funding Group LLC

Post Office 20188, Greeley Square Station, New York, New York 10001

February 16, 2017

U.S. Bankruptcy Court
District of South Carolina
J. Bratton Davis Courthouse
1100 Laurel Street
Columbia, SC 29201-2423

RECEIVED
2017 FEB 17 AM 10:52
U S BANKRUPTCY
DISTRICT OF SOUTH CAROLINA

To Whom It May Concern:

Enclosed please find original copies of the Motion for Payment of Unclaimed Funds and supporting documentation regarding:

| | |
|---|---|
| **Case Name:** | NMFC, LLC |
| **Case Number:** | 11-06800 (JW) |
| **Case Type:** | 7 |
| **Claimant:** | Pioneer Funding Group, LLC |

The following documents are enclosed:

| | |
|---|---|
| **Exhibit A: Motion for Payment of Unclaimed Funds** | X |
| **Exhibit B: Form W-9 and Proof of Identification of Owner of Record** | X |
| **Claimant Form W-9 and Proof of Identification** | X |
| **Document Evidencing Transfer of Claim (Assignment of Claim Agreement)** | X |
| **Claimant Proof of Address** | X |
| **Copy of Trustee's Report of Unclaimed Dividends** | X |

Please feel free to contact me with any questions.

Sincerely,

*[signature]*

Daniel B. Plaxe
*Managing Member*
Pioneer Funding Group, LLC

P: (646) 237-6969   |   F: (888) 907-3227   |   W: www.PioneerFundingLLC.com